Chodak v. Barr

BIA
Nelson, IJ
A087 786 623/624

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand twenty.

PRESENT:
 JOHN M. WALKER, JR.,
 DENNIS JACOBS,
 DENNY CHIN,
  *Circuit Judges.*

_____

UGEN CHODAK, AKA PASANG SHERPA, CHIRING SHERPA,
  *Petitioners,*

 v.  17-2583
    NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
  *Respondent.*

_____

FOR PETITIONERS:  Stuart Altman, Law Office of Stuart Altman, New York, NY.

FOR RESPONDENT:  Joseph H. Hunt, Assistant Attorney General; Terri J. Scadron, Assistant Director; Margot L.

Carter, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Ugen Chodak and Chiring Sherpa, natives and citizens of Nepal, seek review of a July 24, 2017, decision of the BIA affirming an October 3, 2016, decision of an Immigration Judge ("IJ") denying Chodak's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ugen Chodak and Chiring Sherpa,* No. A 087 786 623/624 (B.I.A. July 24, 2017), *aff'g* No. A 087 786 623/624 (Immig. Ct. N.Y. City Oct. 3, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *Hong Fei Gao v.*

2

*Sessions*, 891 F.3d 67, 76 (2d Cir. 2018); *Yanqin Weng v. Holder*, 562 F.3d 510, 513-14 (2d Cir. 2009).

Chodak had the burden of proof for asylum. 8 U.S.C. § 1158(b)(1)(B)(i).

> The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee. In determining whether the applicant has met the applicant's burden, the trier of fact may weigh the credible testimony along with other evidence of record. Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence.

8 U.S.C. § 1158(b)(1)(B)(ii). "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). "We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence." *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013).

Contrary to Chodak's argument, we do not assume credibility because the IJ determined that Chodak's submission of blank letterhead from the Maoists "totally undermine[d] his credibility." On appeal, the BIA did not disagree with this determination or state that it was assuming credibility. The agency did not err in determining that Chodak did not meet his burden of proof. First, the IJ reasonably determined that Chodak's submission of blank Maoist letterhead to the asylum officer and his evasive testimony when asked about it undermined his credibility. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007)("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").

Second, the agency did not otherwise err in assigning minimal weight to Chodak's evidence. *See Y.C.*, 741 F.3d at 332. As noted above, the IJ did not err in declining to credit the threatening letter because it appeared to be fabricated. The agency also did not err in assigning little weight to Chodak's medical documentation because it was

4

inconsistent with his testimony that he was unconscious when he arrived at the hospital. Chodak testified that his friend took him to the hospital and that he was unconscious at the time, but the patient discharge had the box checked for "self" instead of "emergency" for how he arrived at the hospital. *See Siewe*, 480 F.3d at 167–68 (explaining that we defer to the IJ when competing inferences can be drawn from the evidence). Given Chodak's inability to provide details of his hospitalization or explain why the extended stay was needed, the IJ also reasonably determined that it was implausible that Chodak would be hospitalized so that he could rest. *Id.* at 168–69 ("[W]e will reject a deduction made by an IJ only when there is a complete absence of probative facts to support it—that is, when the speculation is 'bald.' The speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience." (internal citation omitted)). The agency also reasonably gave minimal weight to a statement in a letter from the Office of Tibet in New York City that Chodak was a "chief reporter" for a Tibetan newspaper in Nepal

5

because the letter consisted of two sentences and no information about how the office had obtained the information about Chodak's employment. *See Y.C.*, 741 F.3d at 332.

In sum, substantial evidence supports the agency's determination that Chodak failed to meet his burden of proof for asylum because there was a serious ground on which to question his credibility and the IJ did not err in giving little weight to his corroborating evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir. 2003) ("Where, as here, an appeal turns on the sufficiency of the factual findings underlying the immigration court's determination that an alien has failed to satisfy his burden of proof, we will reverse the immigration court's ruling only if no reasonable fact-finder could have failed to find . . . past persecution or fear of future persecution." (internal quotation marks omitted)). Because the agency did not err in determining that Chodak failed to meet his burden for asylum, it did not err in finding that he failed to meet the higher standards for withholding of removal and CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe,
                                    Clerk of Court